# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLAYTON DALE DAUGHTREY, | ) | 1:07cv722 OWW DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | ) | |
| FRESNO POLICE DEPARTMENT, et.al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Clayton Dale Daughtrey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on May 16, 2007, and names the Fresno Police Department and Sgt. Pat Jackson as Defendants. His complaint arises out of an incident on August 13, 2005.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.     Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.     Allegations

According to the complaint, on August 13, 2005, Defendant Jackson was pursuing Plaintiff's vehicle.  Plaintiff jumped from the vehicle, which he was driving, and ran on foot.  He ran into the corner of a fenced parking lot, but stopped and put his hands in the air when he saw the police car coming through the gate.  Plaintiff alleges that Defendant Jackson "continued until he ran [Plaintiff] over with the police cruiser."  Complaint, at 3.  As a result, Plaintiff alleges that he is permanently disabled and in a wheelchair.

     1.     *Fourth Amendment Claim*

Based on these facts, Plaintiff alleges that Defendant Jackson's conduct was "malicious, in reckless disregard of the person's rights, oppressively done."  Complaint, at 3.  He cites Dang v. Cross, 422 F.3d 800 (9th Cir. 2005), a Fourth Amendment case, in support of his claim.

To the extent that Plaintiff alleges that Defendant Jackson used excessive force by running him over with his police cruiser, he states a claim under the Fourth Amendment.  See Graham v. Connor, 490 U.S. 386, 397 (1989).  Accordingly, the Court recommends that the action go forward on this cause of action and will instruct Plaintiff on service by separate order.

      2.      *Eighth Amendment Claim*

Plaintiff also alleges that Defendant Jackson's actions constituted cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident. This defect does not appear to be curable by amendment and the Court therefore recommends that this claim be dismissed without leave to amend.

      3.      *Fresno Police Department*

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Although Plaintiff names the Fresno Police Department, he fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional

3

violation . . . suffered." He therefore fails to state a claim under section 1983 against the Fresno Police Department and the Court recommends that this Defendant be dismissed.

### FINDINGS AND RECOMMENDATION

Pursuant to the above, IT IS HEREBY RECOMMENDED that Plaintiff's Eighth Amendment cause of action BE DISMISSED WITHOUT LEAVE TO AMEND. It is FURTHER RECOMMENDED that Defendant Fresno Police Department be DISMISSED. The Court RECOMMENDS that the action go forward on the Fourth Amendment cause of action.

These Findings and Recommendations will be submitted to the Honorable Oliver W. Wanger, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 16, 2008**          /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE